BLUE, J.
 

 In the administration of Connecticut’s succession tax, it is the responsibility of the fiduciary or transferee of an estate to file a return “containing all items necessary to the correct computation and assessment of the tax.” General Statutes § 12-359 (a). The commissioner of revenue services (commissioner) has 120 days from his receipt of the return to file “such objections as he may have to the valuations or concessions of taxability appearing thereon.” General Statutes § 12-359 (b). The question presented in this case is whether the commissioner’s objections to expenses paid by the estate — which, if allowed, would reduce the amount of the net taxable estate — are objections to “valuations or concessions of taxability” subject to
 
 *266
 
 this time limit. For the reasons set forth below, I conclude that they are not.
 

 This case comes before me on a motion for summary judgment filed by the commissioner in an appeal from probate. The affidavit submitted by the commissioner is exceedingly spare, but the parties have also submitted a memorandum of decision of the Westport Probate Court which holds that the commissioner is precluded from filing his objections as a matter of law. The question squarely presented in this appeal is whether the Probate Court was correct in so holding. This is a question of law, and the record is sufficient to allow consideration of this question.
 

 It appears from the memorandum of decision below that the late Marguerite G. Sulouff was a resident of Westport. She died on April 12, 1988. Her daughter, Melanie Bell (Bell), is her sole heir and the executrix of her estate. On January 12, 1989, the commissioner acknowledged to Bell that he had received $30,641.77 as payment on account of the succession tax owed by the estate. Bell filed her succession tax return in the Westport Probate Court on January 13, 1989.
 

 The actual computation of the succession tax in Connecticut is done by the commissioner. General Statutes § 12-367 (a). The governing statute provides that the commissioner “shall, within one hundred twenty days of his receipt of the return required by the provisions of said section 12-359, if such return is correctly made out . . . prepare a computation of the tax.” General Statutes § 12-367 (a).The commissioner did not perform his computation in this case until October 5, 1993. The state of the record does not permit me to make any findings on the reasons for this delay. In making his computation, the commissioner found that certain fees paid by Bell — apparently executor’s, attorney’s, and accounting fees — were excessive. Bell thereafter filed
 
 *267
 
 an objection dated December 1, 1993, claiming that the commissioner’s assessment was time barred by both § 12-359 (b) (because an objection to the fees had not been filed within 120 days) and § 12-367 (a) (because the computation had not been made within 120 days).
 

 The Hon. Earl F. Capuano, Probate Judge for West-port, agreed with Bell on the issue of § 12-359 (b). (Because of his analysis, he did not consider the claim involving § 12-367 [a].) He held that the statutoiy phrase “valuations or concessions of taxability” is ambiguous and that, given this ambiguity, the phrase should be construed in a way “ ‘which makes the statutes effective and workable’ [quoting
 
 Heffeman
 
 v.
 
 Slapin,
 
 182 Conn. 40, 48, 438 A.2d 1 (1980)].” In Judge Capuano’s view such a construction requires the commissioner to file “potential objections to deductions” within 120 days of receipt of the return. He ordered the commissioner to “reissue a computation of tax on the basis of the return as filed.” The commissioner filed a timely appeal to this court.
 

 The Probate Court’s holding can be squared neither with judicial precedent nor with the language and structure of § 12-359. In the first place, the Connecticut Supreme Court has already held that “the commissioner need not object under § 12-359 (b) when he does not dispute the amount reported as the gross taxable estate.”
 
 Bannon
 
 v.
 
 Schwartz,
 
 215 Conn. 633, 644 n.10, 577 A.2d 1025 (1990). The expenses paid by the estate do not affect the amount reported as the gross taxable estate. Rather, they are deducted in computing the net estate pursuant to § 12-350 (f). It follows from this statement that § 12-359 (b) does not govern the commissioner’s objections to such expenses.
 

 Bannon
 
 v.
 
 Schwartz,
 
 supra, 215 Conn. 633, did not itself involve the commissioner’s objections to expenses of an estate. The question in that case involved
 
 *268
 
 the proper treatment of an executor’s right to withdraw trust principal. A close examination of the language and structure of § 12-359, however, establishes that the limited view of this statute taken by
 
 Bannon
 
 is fully applicable to this case. To begin with, the text of § 12-359 (b) is not as elastic as the court below suggested. “Valuations” and “concessions of taxability” are terms of art. “Valuations” — stated as it is in the plural — cannot conceivably refer to the net valuation of the estate. Rather, it plainly refers to the valuations of individual items reported to have been transferred. Section 12-359 (a) (2) requires the fiduciary or transferee of an estate to include on her return “an appraisal by the fiduciary or transferee, at its fair market value on the date of the decedent’s death, of each item of property, the transfer of which may be taxable . . . .” These appraisals are the “valuations” as to which the commissioner must file an objection within 120 days of his receipt of the return. An expense of the estate is simply not a “valuation.” Nor can such an expense be a “concession of taxability.” This latter phrase manifestly refers to the obligation of the fiduciary or transferee under § 12-359 (a) (3) to include on her return “a statement as to whether, or to what extent, the reported transfers are conceded taxable . . . .”
 

 The structure of § 12-359 must also be considered. “General Statutes § 12-359 (a) outlines the information that the taxpayer must provide on the succession tax return.”
 
 Bannon
 
 v.
 
 Schwartz,
 
 supra, 215 Conn. 638-39. Section 12-359 (a) lists six categories of information that must be so reported. These categories go well beyond “valuations” and “concessions of taxability.” In particular, § 12-359 (a) (4) requires an itemization of “all items claimed as deductions under the provisions of section 12-350 or 12-352, with an explanation of the circumstances under which each deduction is allowable
 
 *269
 
 . . . .” These deductions include the expenses in question in this case, and such deductions axe neither “valuations” nor “concessions of taxability.”
 

 This conclusion is reinforced by a reading of the full text of § 12-359 (b). That subsection does not limit itself to requiring the commissioner to file objections to “the valuations or concessions of taxability” within 120 days of his receipt of the return. It goes on to describe the findings that the Probate Court must make after hearing those objections. The Probate Court must “determine the fair market value of any property, the reported value of which has been objected to, and the taxability of any transfer objected to.” General Statutes § 12-359 (b). This list of findings is consistent with the limited definitions of “valuations” and “concessions of taxability” already discussed. It does not remotely encompass findings on the allowability of claimed deductions.
 

 For these reasons, the Probate Court incorrectly held that the commissioner is time barred by § 12-359 (b) from objecting to the expenses claimed by the estate.
 

 As already mentioned, Bell presented an alternative argument to the Probate Court that that court did not reach. She argued that the commissioner is time barred from making his objection because his computation was not prepared within 120 days of his receipt of the return. General Statutes § 12-367 (a), however, only imposes the time limit just mentioned “if such return is correctly made out.” At argument, the commissioner contended that the return in question in this case was not, in fact, “correctly made out.” The alleged incorrectness of the return is not included in the reasons of appeal, and the return itself is not included in the record before me. At oral argument, both parties agreed that the appropriate procedure under these circumstances is to remand the case to the Probate Court for further proceedings. I agree as well. Given the present factual
 
 *270
 
 dispute as to whether the 120 day period of § 12-367 (a) has or has not started to run, it is inappropriate at this point to consider whether the requirement that the commissioner prepare his computation in that period of time is mandatory or directory. Depending on the findings ultimately made, it may be unnecessary to consider that question at all.
 

 The plaintiffs motion for summary judgment is granted. The case is remanded to the Westport Probate Court for further proceedings in accordance with this opinion.